IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN W. WOLF,                                )
                                             )
                        Petitioner,          )
                                             )
vs.                                          )          Case No. 16-CV-527-NJR
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
                        Respondent.          )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Shawn Wolf (Doc. 1). Also before the Court is the motion to withdraw filed by Assistant Federal Public Defender Thomas Gabel (Doc. 11). For the reasons explained below, Mr. Gabel's motion to withdraw is granted, and the § 2255 petition is denied.

## BACKGROUND

Petitioner Shawn Wolf was charged by complaint and later indicted on one count of distribution of heroin. *United States v. Wolf*, SDIL Case No. 3:11-cr-30015, Docs. 1, 16. He pleaded guilty to that charge on September 8, 2011. *Id.* at Doc. 31. The Government and Wolf determined, and the presentence investigation report ("PSR") later confirmed, that Wolf was subject to an enhanced sentence under the Career Offender provision of the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, based on his prior felony convictions. *Id.* at Docs. 31, 39. At sentencing on December 19, 2007, District Judge G. Patrick Murphy adopted the PSR in full and sentenced Wolf as a career offender to

151 months' in prison. *Id.* at Docs. 43, 44.

On June 10, 2011, Wolf filed a habeas corpus petition under 28 U.S.C. § 2255 challenging his enhanced sentence as a career offender based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (Doc. 1). In *Johnson*, the Supreme Court invalidated the residual clause in the Armed Career Criminal Act as unconstitutionally vague. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson*, 135 S.Ct. at 2557). Wolf argues that *Johnson* extends to the parallel residual clause in the career-offender guideline (Doc. 1). According to Wolf, that means his previous convictions no longer count as predicate offenses for purposes of the career-offender guideline, making his enhanced sentence improper (Doc. 1).

The Court determined that Wolf's § 2255 petition survived preliminary review, ordered the Government to respond to the petition, and appointed Assistant Federal Public Defender Thomas Gabel to represent Wolf (Doc. 2). In its response, the Government sets forth three arguments as to why Wolf's petition should be denied: (1) he waived his right to bring a collateral attack based on *Johnson*, (2) his claims have been procedurally defaulted, and (3) in the alternative, his claims should be dismissed on the merits because none of his qualifying convictions were based on the residual clause of the career offender guideline (Doc. 4). Mr. Gabel agrees with the Government that none of Wolf's predicate offenses were classified as a crime of violence under the residual clause (Doc. 11).

## DISCUSSION

The Court will start with the argument addressed by both parties—whether

Wolf's qualifying convictions were based on the residual clause of the Career Offender Guideline.

The career offender provision of the Sentencing Guidelines increases the offense level and criminal history category, and thus the guideline imprisonment range, of defendants who commit certain offenses after having been convicted of two felony controlled substance offenses or "crimes of violence." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). At the time Petitioner was sentenced in December 2007, a "controlled substance offense" was defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (2007). And a "crime of violence" was defined as any state or federal crime punishable by imprisonment for a term exceeding one year, that:

(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (2007) (emphasis added). The highlighted text is known as the "residual clause."

The presentence report concluded that Wolf was a career offender under the guidelines based on his prior conviction for unlawful delivery of a controlled substance

(10-CF-2052), armed robbery (94-CF-607), and vehicular invasion (94-CF-657). *United States v. Wolf*, SDIL Case No. 3:11-cr-30015, Doc. 39. It is clear that his convictions for unlawful delivery of a controlled substance and armed robbery qualify as predicate offenses for career offender purposes independent of the residual clause.

First, Wolf's previous conviction for unlawful delivery of a controlled substance qualifies as a predicate offense because it is a "controlled substance offense." Second, Wolf's previous conviction for armed robbery qualifies as a predicate offense because robbery is specifically enumerated as a "crime of violence" for career offender purposes. *United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007) (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a), Application Note 1 (2007) ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion . . . .")). Additionally, the Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence; therefore logic dictates that armed robbery—which is robbery while armed with a gun—is also a crime of violence. *United States v. Smith*, --- F. App'x ---, 2016 WL 5867263, at *1 (7th Cir. Oct. 7, 2016) (noting previous holdings that a conviction for robbery under Illinois law is a crime of violence under the elements clause of U.S.S.G. § 4B1.2) (citations omitted); *United States v. Melton*, 75 F. App'x 539, 545 (7th Cir. 2003) (explaining that because the robbery statute in Illinois "has as an essential element the threat or use of force," it is a *per se* crime of violence under U.S.S.G. § 4B1.2); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992) (discussing why a conviction for robbery under Illinois law is a crime of violence under U.S.S.G. § 4B1.2). *See also* 720 ILL. COMP. STAT. 5/18-2 (providing that a person commits

armed robbery when they violate section 18-1, which is the robbery statute, while "carr[ying] on or about his or her person or is otherwise armed with a firearm").

In sum, at least two of Wolf's previous felony convictions were defined as "crimes of violence" for career offender purposes without any reliance on the residual clause of § 4B1.2(a). Therefore, his argument about the residual clause is not relevant. Even if that weren't the case, his argument was recently foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, --- S. Ct. ---, 2017 WL 855781 (U.S. Mar. 6, 2017) (holding residual clause in the career offender guideline is not void for vagueness).

Accordingly, Wolf's § 2255 petition must be denied because it fails on the merits. The Court need not reach the Government's first two arguments.

### CERTIFICATE OF APPEALABILITY

Wolf cannot appeal the denial of his § 2255 petition unless this Court or the Court of Appeals issues a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons detailed above, Wolf has not stated any grounds for relief under § 2255, and reasonable jurists could not debate that conclusion. Thus, Wolf has not made "a substantial showing of the denial of a constitutional right," and a certificate of

appealability will not be issued.

### CONCLUSION

Shawn Wolf's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Motion to Withdraw filed by Assistant Federal Public Defender Thomas Gabel (Doc. 11) is **GRANTED**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 8, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**